IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANTE VASSER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHALS SERVICE, SCOTT E. KRACL, individually and in his official capacity as United States Marshal for the District of Nebraska; and UNKNOWN UNITED STATES MARSHALS SERVICE DEPUTIES, EMPLOYEES OR AGENTS, in their individual and official capacities,<br><br>　　　Defendants. | CASE NO. _____<br><br><br>**COMPLAINT AT LAW** |

COMES NOW the plaintiff, Dante Vasser (hereinafter referred to as "Vasser"), complaining of the defendants, the United States Marshals Service, United States Marshal Scott E. Kracl, and the Unknown United States Marshals Service Deputies, Employees or Agents, in their individual and their official capacities and states:

### COUNT I

1. This is a civil action for damages against the defendants for the commission of acts, under color of law, which deprived plaintiff of rights protected under the United States Constitution and the law of the United States of America and Title 42 U.S.C. Section 1983.

2. The Court as jurisdiction under 28 U.S.C. Section 1331.

3. Vasser is a United States citizen and was a resident of Omaha, Douglas County Nebraska.

4. Vasser was at the time of the action, a criminal defendant being prosecuted in the United States District Court for the District of Nebraska, in Omaha, Nebraska.

5. Vasser was a federal prisoner, detained by the United States Marshals Service (hereinafter "USMS") pending resolution of the criminal case.

6. The USMS is a federal law enforcement agency tasked with preserving the safety of criminal defendants while in custody of the federal district court

7. The USMS is further tasked with holding and transporting federal inmate defendants pending resolution of their respective cases.

8. Marshal Kracl is responsible for the leadership and direction of the United States Marshals Service operations in the District of Nebraska.

9. Defendant Kracl owed Vasser a duty to exercise ordinary care and reasonable care for the preservation of Vasser's life and health.

10. On or about November 17, 2017, the USMS through its unknown qualified agents or employees (hereinafter "individuals"), transported Vasser to the Pottawatomie County Jail located in Council Bluffs, Iowa.

11. Vasser sues each and all defendants in both their individual and official capacities.

12. The USMS transported Vasser from Nebraska to the Pottawatomie County Jail in a passenger transport vehicle.

13. The passenger transport vehicle was operated by the USMS or an agent of the USMS.

14. Vasser was shackled in leg irons and handcuffed to a belly chain.

15. At the time the passenger transport vehicle arrived at the Pottawatomie County Jail, individuals of the USMS ordered Vasser to exit the rear of the vehicle.

16. To exit the rear of the passenger transport vehicle, Vasser had to step down a few steps from the back of the vehicle.

17. Vasser fell from the back of the passenger transport vehicle.

18. The USMS failed to provide a handrail on the steps out of the transport vehicle.

19. The UNMS failed to provide any assistance to help Vasser exit the transport vehicle.

20. Because the USMS had fully shackled Vasser, he was unable to raise his hands to brace his fall.

21. Vasser landed on his shoulder and his head, causing substantial medical damages, significant pain and suffering which was exacerbated by delayed medical treatment.

22. Vasser asserts that individuals of the USMS were negligent and committed a wrongful act or omission by failing to provide handrails or reasonable assistance to Vasser, who was fully shackled, while he exited the transport vehicle.

23. It was foreseeable that Vasser, fully shackled, would need a handrail or other assistance exiting the transport vehicle.

24. That it was foreseeable that Vasser could trip while exiting the transport vehicle, and without assistance, could fall and such could result in significant injury, especially without the ability to brace his fall as his arms were cuffed to his waist.

25. At all times alleged, the defendants, pursuant to the 14th Amendment of the United States Constitution, had a duty to take reasonable measures to protect the safety of inmates, including Vasser.

26. Defendants knew that inmate passengers, fully leg shackled with handcuffs attached to belly chains, were in jeopardy of falling when exiting the vehicle.

27. The defendants were deliberately indifferent to the safety of Vasser by:
    a. Failing to remove the shackles to allow Vasser to be freely ambulatory when exiting the vehicle.

b. Failing to provide a handrail or guiderail to allow Vasser to stabilize and balance while exiting the vehicle, if the shackles were not to be removed.

c. Failing to provide physical assistance to Vasser as he exited the vehicle, so that if he were to lose his balance, USMS individuals could stabilize him before he fell or brace his fall so that he did not sustain damages.

28. As a proximate and direct result of the foregoing wrongful acts of the USMS and its unnamed individuals, and Scott E. Kracl, United States Marshal for the District of Nebraska, Vasser was then and there injured both internally and externally, suffered severe cranial damage, nerve damage, shoulder damage including but not limited to bi-lateral shoulder rotator cuff tears, hard and soft tissue damage, permanent injuries, acute and prolonged physical and mental pain and suffering, a loss of earning capacity, and future medical expenses.

29. Vasser is entitled to his costs and reasonable attorney fees incurred herein pursuant to 42 U.S.C. Section 1989.

30. Vasser has complied with the provisions of the Federal Tort Claims Act [28 U.S.C. Sections 1346(b), 2401(b), 2671, et seq.] and is entitled to payment of his claim which arises from the negligent or wrongful act or omission of an employee of the Federal Government (USMS) while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

31. The aforesaid careless and negligent acts and or omissions of the defendants, named and unnamed, individually and in their official capacities were the proximate cause of severe personal injuries to Vasser which have caused him great physical pain and psychological

anguish, present disability as well as permanent disabilities, future loss of wages and earning capacity, and has prevented him from attending to his duties in his life. These injuries have further caused more suffering due to the fact that he is presently incarcerated, where care has been delayed and proper rehabilitation denied.

32. JURY DEMAND: Vasser hereby demands that this matter be tried to a jury.

WHEREFORE, Vasser prays for judgment in his favor against defendants USMS, Scott E. Kracl and USMS and its presently unknown employees and agents, individually and in their official capacities, in the amount of One Million Dollars ($1,000,000.00) plus costs of this suit.

RESPECTFULLY SUBMITTED,

By: /s/Joseph L. Howard
Joseph L. Howard, #22743
DORNAN, TROIA, HOWARD, BREITKREUTZ,
DAHLQUIST & KLEIN PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
Telephone: (402) 884-7044
Email: JHoward@DLTLawyers.com