IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANTE VASSER,<br><br>Plaintiff,<br><br>vs.<br><br>UNKNOWN UNITED STATES MARSHALS SERVICE DEPUTIES, EMPLOYEES OR AGENTS, in their individual and official capacities; and UNITED STATES OF AMERICA,<br><br>Defendants. | 8:23CV269<br><br>**PROTECTIVE ORDER** |

Upon consideration of the parties' joint request for entry of a Stipulated Protective Order, (Filing No. 33), the Court enters the following Protective Order to control the discovery and dissemination of confidential or proprietary information in this case (hereafter collectively referred to as "Confidential Information"),

IT IS ORDERED THAT:

1. For purposes of this Order, the following categories of documents and information will generally be considered "Confidential Information" and subject to this Protective Order:

- Plaintiff's medical or mental health records;
- Confidential United States Marshals Services policies and law enforcement records; and
- State/county jail and federal Bureau of Prisons records.

2. Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to: documents produced pursuant to written discovery, initial disclosures, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case by either party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case, *Dante Vasser v. United States of America et al*, Case No. 8:23CV269, and will not be used in any other litigation.

4. Documents shall be designated as Confidential Information by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "**CONFIDENTIAL**" or "**SUBJECT TO PROTECTIVE ORDER**" or a substantially similar designation. If the document did not originate from the party seeking to affix the Confidential Information label, or was not produced in this action by that party, the Confidential Information designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing Confidential Information. Subject to the procedures in Paragraph 8, upon such notice the document will be treated as Confidential Information within the meaning of this Protective Order.

5. Counsel for a disclosing party may further designate confidential Discovery Material as "**CONFIDENTIAL--ATTORNEYS' EYES ONLY"** if such counsel concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. Discovery Material designated as **CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY** means any document which bears the legend **CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY** or, if it is not feasible to label the Discovery Material, which the producing party indicates via cover

letter or otherwise at the time of production as **CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY**.

      6.    For purposes of this Protective Order, information designated as "**CONFIDENTIAL**" shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    attorneys actively working on this case;
    b.    any person who previously received or authored the materials;
    c.    persons regularly employed or associated with the attorneys actively working on the case;
    d.    Plaintiff*;*
    e.    treating medical providers, expert witnesses, and consultants retained in connection with this proceeding;
    f.    mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;
    g.    the Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;
    h.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
    i.    deponents, witnesses, or potential witnesses; and
    j.    at hearings or trial, to the extent admissible.

      7.    For purposes of this Protective Order, information designations as "**CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY**" shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    Legal counsel representing the receiving party, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

  b. Consulting or testifying experts for the receiving party, to include only those experts retained or employed to assist the receiving party in preparing for trial or any other proceeding in the Action and who need access to the CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY information to provide such assistance, and who are not employed by, or an agent or representative for, the receiving party, nor anticipated to become an employee, agent or representative of the receiving party in the near future;

  c. If necessary to promote alternative dispute resolution, any mediator (and their assistants or staff) retained by the parties who needs access to the CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY information to assist the parties with resolving the claims of this Action;

  d. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

  e. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

8. Prior to disclosing information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY", to any person listed above (other than counsel, persons employed by counsel, mediators, Court Personnel, and stenographic reporters), counsel shall inform such person that the document(s) being provided are subject to this Protective Order.

9. Whenever a deposition involves the disclosure of information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY", the deposition or portions thereof shall be designated as confidential by counsel and shall be

subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY", after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of information as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY", by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made.

    a. A party that questions the other party's confidentiality designation will, as an initial step, contact the other party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, it shall be the obligation of the party objecting to the designation as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY", to schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. The objecting party must generally contact the court to schedule a conference within thirty (30) days after submitting written objection to the "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" designation. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures.

    b. If the objecting party timely contacts the court to schedule a conference call, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion or the parties reach an agreement without Court involvement. In connection with a motion filed under this provision, the party designating the information as

"CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

11. Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation. If any Confidential Information must be filed with the Court, such Confidential Information shall be filed under seal, restricted access, or redacted, as appropriate.

12. Confidential Information shall be used by the receiving party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever. The parties acknowledge that some of the information produced in this case may be protected health information, or contain such information, within the meaning of the Health Insurance Portability and Accountability Act (HIPAA). Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v), and as to the health information requested, counsel and the Receiving Party:

   a. Shall not use or disclose the information for any purpose other than the litigating this Action;
   b. Shall return or destroy the protected health information (including all copies made) at the end of this Action; and
   c. Shall request, use and disclose only the minimum amount necessary to conduct this Action.

13. At the conclusion of this case, each document and all copies thereof which have been designated as Confidential Information shall be returned to the party designating them as confidential. The parties may agree to destroy documents containing Confidential Information by way of a mutually agreed-upon procedure.

14. The production of privileged or protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Any party who discloses documents that are privileged, protected, or otherwise immune from discovery shall, promptly upon discovery of such disclosure, advise the receiving party and request that the documents be returned. The receiving party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

16. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard. This Protective Order is without prejudice to the right of any party to admit Confidential Information as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

Dated this 22nd day of April, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge