IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANTE VASSER,

Plaintiff,

vs.

UNITED STATES OF AMERICA, and
UNKNOWN UNITED STATES MARSHALS
SERVICE DEPUTIES, EMPLOYEES, OR
AGENTS, in their individual and official
capacities,

Defendants.

NO. 8:23-CV-269

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS
AND PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

Plaintiff was a federal prisoner in custody of the United States Marshals Service when he fell from a transport vehicle while shackled at the arms and legs and sustained injuries. Filing 19 (Amended Complaint). Plaintiff seeks $1 million in damages from Defendants on *Bivens* claims for violations of his constitutional rights and on Federal Tort Claims Act (FTCA) claims for negligence. Filing 19 at 4, 5 (¶¶ 28, 33). This matter is before the Court on the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed by defendant United States concerning Plaintiff's FTCA claims. Filing 51. It is also before the Court on Plaintiff's Objection, Filing 75, to a magistrate judge's Findings, Recommendation, and Order. Filing 74. The magistrate judge's Findings, Recommendation, and Order denied Plaintiff's Motion for Leave to File Second Amended Complaint, Filing 71, and recommended dismissal of Plaintiff's constitutional claims against the Unknown Defendants for failure of service and want of prosecution. Filing 74 at 4.

1

For the reasons stated below in § II.B., the Motion to Dismiss by the United States is granted due to lack of subject matter jurisdiction over Plaintiff's FTCA claims, and the alternative Motion for Summary Judgment is denied as moot. For the reasons stated below in § II.C.2., Plaintiff's Objection to the magistrate judge's Order denying leave to amend to name the Unknown Defendants is overruled, and the magistrate judge's Order denying leave to amend is affirmed. For the reasons stated below in § II.C.3., Plaintiff's Objection to the magistrate judge's Findings and Recommendation that Plaintiff's *Bivens* claims against the Unknown Defendants be dismissed for failure of service and want of prosecution is overruled, the magistrate judge's Findings and Recommendation is accepted, and Plaintiff's claims against the Unknown Defendants are dismissed for failure of service and want of prosecution. Thus, this ruling fully resolves all claims in the case in favor of Defendants and against Plaintiff.

## I.   INTRODUCTION

In November 2017, the United States Marshals Service transported plaintiff Dante Vasser in a prison transport vehicle from the Hruska Federal Courthouse in Omaha, Nebraska, to the Pottawatomie County Jail in Council Bluffs, Iowa. Filing 19 at 3 (¶ 15); Filing 53 at 3 (¶ 11) (identifying the location in Nebraska as the Hruska Federal Courthouse).[1] Vasser was fully shackled. Filing 19 at 3 (¶ 23). When the vehicle arrived at the Pottawatomie County Jail, Deputy United States Marshals ordered Vasser to exit the rear of the vehicle. Filing 19 at 3 (¶ 18). To exit the transport vehicle, prisoners must step down a few steps from the back of the vehicle, and there is no handrail available. Filing 19 at 3 (¶¶ 19, 21). Vasser fell from the back of the passenger

---

[1] Vasser did not file a response to Defendants' Statement of Facts, Filing 53. However, in his Brief in Opposition of United States of America's Second Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment, Vasser states that he was being transported "from Hruska [Federal Courthouse] to the Pottawattamie County Jail." Filing 56 at 1.

transport vehicle, causing him injuries. Filing 19 at 3 (¶¶ 20, 24). Because Vasser was fully shackled, he was unable to raise his hands to "brace [for] his fall." Filing 19 at 3 (¶ 23).

In February 2024, on Defendants' Motion, Filing 21, the Court dismissed all claims in Vasser's Amended Complaint, except for Vasser's *Bivens* claims against Unknown Defendants and his FTCA claims against the United States. Filing 24 at 10. The Amended Complaint remains the operative pleading. In May 2025, the United States filed the second Motion to Dismiss, or in the Alternative, Motion for Summary Judgment now before the Court. Filing 51. The United States asserts pursuant to Federal Rule of Civil Procedure 12(h)(3) that Vasser's FTCA claims against the United States are jurisdictionally barred by the discretionary function exception to the FTCA. Filing 54 at 1. In the alternative, the United States asserts that it is entitled to summary judgment on the merits pursuant to Federal Rule of Civil Procedure 56. Filing 54 at 21. The United States submitted a Statement of Material Facts and several Declarations in support of its Motion. Filing 52; Filing 53. Vasser opposes either dismissal or summary judgment. Filing 55.

On July 9, 2025, United States Magistrate Judge Jacqueline M. DeLuca filed an Order finding that Vasser had taken no further action against the Unknown Defendants since filing an Amended Complaint in December of 2023. Filing 69 at 2. She also noted that Vasser had not named or served the Unknown Defendants, despite the expiration of the deadlines to amend pleadings, join additional parties, complete discovery, and file dispositive motions. Filing 69 at 2. Consequently, she gave Vasser until July 23, 2025, "to show cause why [Vasser's] claims against the unknown Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or NECivR 41.2 for want of prosecution." Filing 69 at 2. She warned Vasser in this show-cause Order that failure to comply "may result in dismissal of Plaintiff's claims against the [U]nknown Defendants without further notice." Filing 69 at 2.

3

On July 23, 2023, Vasser filed a Motion for Leave to File Second Amended Complaint, Filing 71, which the United States opposed, Filing 72. On August 13, 2025, Judge DeLuca filed her Findings, Recommendation, and Order denying Vasser's Motion for Leave to File a Second Amended Complaint and recommending that this Court dismiss Vasser's claims against the Unknown Defendants for failure of service and want of prosecution. Filing 74. On August 26, 2025, Vasser filed his Objection to Judge DeLuca's Findings, Recommendation, and Order, which is also now before the Court, with a supporting brief. Filing 75; Filing 76. On September 9, 2025, the United States filed a Brief in Opposition to Plaintiff's Objection to Magistrate Judge DeLuca's Findings, Recommendation, and Order. Filing 77.

## II. ANALYSIS

### A. Preliminary Matter

If the Court lacks subject matter jurisdiction over Vasser's FTCA claims pursuant to the Motion to Dismiss by the United States, the Court will not reach the merits of the Vasser's FTCA claims on the alternative Motion for Summary Judgment by the United States. *See Lang v. Napolitano*, 596 F.3d 426, 429 (8th Cir. 2010) ("Thus, the district court should have dismissed the case for lack of subject matter jurisdiction without reaching the merits of Lang's attempt to avoid the legal effects of his VWP waiver.").

On the other hand, Vasser's *Bivens* claims would remain against the previously Unknown Defendants even if the Court lacks subject-matter jurisdiction over the FTCA claims. *See* Filing 24 at 10. Neither the Second Motion to Dismiss or, in the Alternative, Motion for Summary Judgment nor the supporting brief mentions the *Bivens* claims. Filing 51; Filing 54 *passim*. Thus, the *Bivens* claims are not at issue in the Motion to Dismiss. Vasser's Motion for Leave to File Second Amended Complaint seeks to identify two Deputy United States Marshals previously

4

named as Unknown Defendants on his *Bivens* claims. Filing 71. Thus, even if the Court lacks

subject-matter jurisdiction over Vasser's FTCA claims, the Court must still consider Vasser's

Objection to Judge DeLuca's recommendations to deny leave to amend for lack of diligence and

to dismiss the claims against Unknown Defendants for failure of service and want of prosecution.

Filing 74 at 3–4; Filing 75. Then, if the Court agrees with Judge DeLuca that Vasser's Motion for

Leave to File Second Amended Complaint should be denied and that the *Bivens* claims against the

Unknown Defendants must be dismissed, this case will be disposed of in its entirety.

    The Court turns first to consideration of the Motion to Dismiss by the United States.

## B.  The Motion to Dismiss

### 1.  *Applicable Standards*

    The Motion to Dismiss by the United States is pursuant to Federal Rule of Civil Procedure

12(h)(3). Rule 12(h) sets out when certain defenses are waived or preserved. Fed. R. Civ. P. 12(h).

In pertinent part, it states, "**(3) Lack of Subject-Matter Jurisdiction.** If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

P. 12(h)(3) (emphasis in the original). The Supreme Court explained that under the prior version

of Rule 12(h)(3), "[t]he objection that a federal court lacks subject-matter jurisdiction, *see* Fed.

Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage

in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

506 (2006).[2] Subsequent amendments to Rule 12 in 2007 were "part of the general restyling of the

Civil Rules to make them more easily understood and to make style and terminology consistent

---

    [2] At that time, "Rule 12(h)(3) instruct[ed]: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Arbaugh*, 546 U.S. at 506–07 (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).

throughout the rules." Fed. R. Civ. P. 12, advisory committee notes, 2007 amendment. The advisory committee made clear that "[t]hese changes are intended to be stylistic only." *Id.* Thus, the current version of Federal Rule of Civil Procedure 12(h)(3) still provides for application of Rule 12(b)(1) standards to post-answer motions to dismiss for lack of subject-matter jurisdiction, such as the one now before this Court. *See Arbaugh*, 546 U.S. at 506.

Furthermore, this Court has observed, "Rule 12(h)(3) provides [an] exception to the prohibition on successive motions to dismiss. . . ." *GPMM, Inc. v. Tharp*, No. 8:19-CV-128, 2020 WL 6587091, at *3 (D. Neb. Feb. 14, 2020). This Court has also observed, "Rule 12(h)(3) does not merely 'permit' the Court to dismiss an action where subject-matter jurisdiction is lacking; it requires it." *Austin Bldg. & Design, Inc. v. Nelson Eng'g Constr., Inc.*, No. 8:21-CV-471, 2023 WL 4399988, at *3 (D. Neb. Mar. 3, 2023) (citing Fed. R. Civ. P. 12(h)(3)).

Turning to the standards for dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "Federal courts are courts of limited jurisdiction." *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007) (citations omitted). "The plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the Court] may look at materials 'outside the pleadings' in conducting [its] review." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citations omitted). The Court must "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Challenges to subject matter jurisdiction can be "factual" or "facial." *See Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018) ("In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack— where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." (citing *Osborn*, 918 F.2d at 729 n.6)); *accord Hilger v. United*

6

*States*, 87 F.4th 897, 899 (8th Cir. 2023) ("When the moving party makes a factual attack on the court's subject-matter jurisdiction, as the [Government did] here, the district court may look outside the pleadings and weigh evidence." (quoting *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023)). Defendants state, "Here, the United States makes a factual attack on this Court's subject matter jurisdiction." Filing 54 at 2. Also, "[i]n a factual attack, the 'non-moving party does not have the benefit of 12(b)(6) safeguards.'" *Croyle*, 908 F.3d at 381 (quoting *Osborn*, 918 F.2d at 729 n.6).

The fact that one of Vasser's remaining claims is pursuant to the FTCA is relevant to subject-matter jurisdiction. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The FTCA serves as a limited waiver of sovereign immunity, opening the door to state-law liability claims against the federal government for harm caused by government employees." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). The FTCA "permits persons injured by federal employees to sue the United States for tort claims in federal district court." *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020). However, a statutory exception to the waiver of sovereign immunity is known as the "discretionary function exception." 28 U.S.C. § 2680(a). The Court will next address the applicability of that exception in this case.

*2. The Discretionary Function Exception*

Vasser challenges three of Defendants' alleged decisions that purportedly led to his injury: "Failing to remove the shackles to allow Vasser to be freely ambulatory when exiting the vehicle; [f]ailing to provide a handrail or guiderail to allow Vasser to stabilize and balance while exiting

7

the vehicle, if the shackles were not to be removed; [and,] [f]ailing to provide physical assistance to Vasser as he exited the vehicle, so that if he were to lose his balance, USMS individuals could stabilize him before he fell or brace his fall so that he did not sustain damages." Filing 19 at 4 (¶ 30) (subparagraph lettering omitted and semicolons inserted). The United States contends all three decisions fall under the discretionary function exception to the FTCA's waiver of sovereign immunity, and the Court agrees.

Under 28 U.S.C. § 2680(a), the FTCA does not waive sovereign immunity for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011). To determine whether a challenged decision or action by a federal employee qualifies as a discretionary function, the Eighth Circuit has explained,

> A two-part test determines when the discretionary function exception applies. First, the conduct at issue must be discretionary, involving an element of judgment or choice. The second requirement is that the judgment at issue be of the kind that the discretionary function exception was designed to shield. Because the exception's purpose is to prevent judicial second-guessing of government decisions based on public policy considerations, it protects only those judgments grounded in social, economic, and political policy.

*Hart*, 630 F.3d at 1088. "If step one is satisfied a presumption arises that the discretion is grounded in policy considerations, and the plaintiff must rebut this presumption." *Two Eagle v. United States*, 57 F.4th 616, 623 (8th Cir. 2023) (Buescher, J., sitting by designation) (citation and internal quotation marks omitted).

### 3. *The Discretionary Function Exception Bars Vasser's Claims*

#### a. The Decision to Keep Vasser Shackled was Discretionary and Shielded by the Discretionary Function Exception

Vasser first challenges the USMS deputies' decision to keep him shackled while exiting the transport vehicle. Filing 19 at 4 (¶ 30). The "United States Marshals Service POLICY DIRECTIVES" submitted by the United States, Filing 52-1 at 20–39, demonstrates that this decision was explicitly discretionary. Specifically, the document states, "Prisoners will be fully restrained when transported by any ground conveyance or charter aircraft. . . . An exception may be made *at the discretion* of district management for situations that dictate alternate restraint methods." Filing 52-1 at 22 (emphasis added). Because this decision was discretionary, the Court must proceed to the second step of the analysis and determine whether the USMS deputies' "judgment[ ] [was] based in social, economic, and political policy." *Hart*, 630 F.3d at 1088. Regarding the second step, "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). Here, as in *Hart*, Vasser "does not cite, and [the Court] cannot find, any law or facts rebutting this presumption." 630 F.3d at 1090. Vasser's allegation that USMS deputies should have removed his shackles falls squarely within the discretionary function exception to the FTCA, and the Court therefore lacks subject matter jurisdiction over the claim.

9

      b.   The Decisions Not to Assist Vasser out of the Vehicle or Have
           Handrails were Discretionary and Shielded by the Discretionary
           Function Exception

Vasser's remaining challenges are to the USMS deputies' alleged failures to assist him in exiting the transfer vehicle and to equip the transport vehicle with a handrail. Filing 19 at 4 (¶ 30). At the first step of the discretionary function exception test, the Court concludes these decisions were discretionary. "If there is no mandatory statute or regulation, 'the action is considered a product of judgment or choice and the first step is satisfied.'" *Two Eagle*, 57 F.4th at 623 (quoting *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 673 (8th Cir. 2008)). The only "statute or regulation" cited by Vasser in support of his view that the USMS deputies' assistance and provision of a handrail were "mandatory" is 18 U.S.C. § 4086. Filing 56 at 8. That statute provides in full, "United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086. Contrary to Vasser's assertion, this broadly worded statute does not "mandat[e]" any specific procedures that USMS deputies must follow when transporting prisoners. Other courts have come to the same conclusion. *See Adetiloye v. Cass Cnty. Warden*, No. 3:14-CV-05, 2015 WL 4208708, at *4 (D.N.D. July 10, 2015) ("The statute and regulation governing a marshal's care and transportation of prisoners do not mandate any specific course of conduct; rather, marshals are given wide discretion." (quoting 18 U.S.C. § 4086)); *Menolascina v. United States*, No. 12 C 90, 2013 WL 707920, at *2 (N.D. Ill. Feb. 26, 2013) ("The statute and regulation relevant to the marshals' care and transportation of prisoners do not prescribe any specific course of conduct, but rather allow the marshals wide discretion." (quoting 18 U.S.C. § 4086); *Crane v. United States*, No. 3:10-68-AC, 2011 WL 7277317, at *1 (D. Or. Nov. 29, 2011) (finding "the USMS had no mandatory directives in determining how to execute Plaintiff's disembarcation from

10

the van"), *report and recommendation adopted*, No. 3:10-CV-00068-AC, 2012 WL 442748 (D. Or. Feb. 9, 2012).[3] The USMS deputies' challenged decisions were thus discretionary, and the first step of the discretionary function exception test is satisfied.

Turning to the second step, the USMS deputies' alleged decisions not to assist Vasser's exit from the transport vehicle and not to provide a handrail are "of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23. The broadly worded statute conferring the duty for safeguarding prisoners upon USMS deputies, 18 U.S.C. § 4086, reflects "governmental policy . . . implied by statute" that "allows a Government agent to exercise discretion." *Gaubert*, 499 U.S. at 324. As such, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* Indeed, the USMS deputies' decisions related to prisoner safety during transportation are among the "quintessential examples of the permissible exercise of policy judgment." *Hart*, 630 F.3d at 1091. Because Vasser "does not cite, and [the Court] cannot find, any law or facts rebutting this presumption," *id.* at 1090, the second step of the discretionary function exception test is satisfied. Thus, the discretionary function exception applies, and the Court lacks subject matter jurisdiction over Vasser's claims due to the sovereign immunity of the United States.

---

[3] Vasser identifies one contrary district court decision. *McKinney v. United States*, 950 F. Supp. 2d 923 (N.D. Tex. 2013). The *McKinney* court held that Bureau of Prisons employees' decision not to assist a prisoner disembark from an airplane was outside the discretionary function exception. *Id.* at 928–30. But the statute at issue in *McKinney*, 18 U.S.C. § 4042, is much more detailed than the statute on which the defendant relies, 18 U.S.C. § 4086, which sufficiently distinguishes that case. Even so, the *McKinney* court's reasoning is not particularly persuasive: despite acknowledging that "§ 4042 allows for relatively broad discretion on the part of BOP officials," that court "decline[d] to conclude that the officials' decision in this situation actually involved a permissible exercise of discretion." 950 F. Supp. 2d at 928. Because the pertinent statute here, 18 U.S.C. § 4086, is even broader than the one considered by the *McKinney* court, this Court declines to adopt *McKinney*'s reasoning. This Court will instead follow the bulk of persuasive authority cited herein holding that marshals' decisions related to transporting prisoners are discretionary.

Consequently, the United States is entitled to dismissal of Vasser's FTCA claims for lack of subject-matter jurisdiction. Furthermore, the Court will not reach the merits of Vasser's claims on the alternative Motion for Summary Judgment by the United States. *See Lang v. Napolitano*, 596 F.3d 426, 429 (8th Cir. 2010) ("Thus, the district court should have dismissed the case for lack of subject matter jurisdiction without reaching the merits of Lang's attempt to avoid the legal effects of his VWP waiver."). The alternative Motion for Summary Judgment is denied as moot.

### C.  Vasser's Objection to the Magistrate Judge's Ruling

As explained above in § II.A., Vasser's *Bivens* claims remain pending against the Unknown Defendants even though the Court lacks subject-matter jurisdiction over Vasser's FTCA claims. *See* Filing 24 at 10 (order dismissing all claims except for Vasser's *Bivens* claims against Unknown Defendants and his FTCA claims against the United States). Therefore, the Court now turns to Vasser's Objection to a magistrate judge's Findings, Recommendation, and Order, Filing 74, denying Plaintiff's Motion for Leave to File Second Amended Complaint and recommending dismissal of the remaining constitutional claims against the Unknown Defendants. Filing 71.

#### 1.  Additional Background

At the deadline set out in Judge DeLuca's show-cause Order described above in § I, Vasser filed a Motion for Leave to File Second Amended Complaint. Filing 71. In that Motion, Vasser sought leave to amend to "identify Unknown Marshals Service Deputies" by name. Filing 71 at 1.

In her Findings, Recommendation, and Order on that Motion, Judge DeLuca concluded that, where Vasser's Motion came over a year after expiration of the deadline to amend pleadings or add parties, Vasser was required to show good cause to modify the progression order. Filing 74 at 2. Judge DeLuca concluded that Vasser's delay in waiting five months after deposing one of the deputies he sought to name and three months after deposing the other before moving to amend his

Complaint to identify them did not show diligence or good cause. Filing 74 at 3. She concluded further that even if Vasser had shown good cause, belated amendment would be prejudicial to Defendants. Filing 74 at 3–4. Judge DeLuca then concluded that Vasser had failed to show good cause that the claims against the Unknown Defendants should not be dismissed for failure to prosecute or failure of serve them. Filing 74 at 4. Therefore, she recommended that the Court dismiss Vasser's claims against the Unknown Defendants. Filing 74 at 4.

Vasser filed his Objection and a supporting brief on August 26, 2025. Filing 75; Filing 76. The gravamen of his Objection is the following:

> Plaintiff has demonstrated diligence under the circumstances in seeking to identify Deputies Bill Bitting and Daniel Potter, the amendment would not cause undue prejudice to Defendants, and dismissal would elevate procedural technicalities over the substantive merits of Plaintiff's constitutional claims.

Filing 75 at 1. Consequently, he asks the Court to reject Judge DeLuca's ruling, grant him leave to amend his Complaint to identify by name the two Deputy United States Marshals, and allow the matter to proceed on its merits. Filing 75 at 1. Defendants filed a brief opposing Vasser's objections as permitted by NECivR 72.2(a). Filing 77.

Vasser's objections relate to both Judge DeLuca's non-dispositive ruling denying his Motion for Leave to File Second Amended Complaint and Judge DeLuca's recommendation on the dispositive issue of dismissal for failure to prosecute. Because the two kinds of decisions are subject to different standards of review, the Court will consider separately Vasser's objections to those decisions.

13

    *2.  The Ruling Denying Leave to Amend*

Judge DeLuca first denied Vasser's Motion for Leave to File a Second Amended Complaint to name the previously Unknown Defendants. Filing 74 at 4. Vasser objects to that ruling. Filing 75.

      a.  Vasser's Objection and the Response of the United States

In support of the part of his Objection relating to denial of leave to amend, Vasser argues that leave to amend should be freely given when justice so requires. Filing 76 at 2 (citing Fed. R. Civ. P. 15(a)(2)). He also argues that he has demonstrated diligence under the circumstances in seeking to identify the deputies and that the amendment would not cause undue prejudice to the deputies where five months remain before trial is scheduled to begin. Filing 76 at 2. Vasser argues that the balance of equities favors allowing the amendment because trial is still months away leaving time for adjustments; the deputies have already been deposed so the record is essentially complete; the United States has long known the identities of the deputies so that they are not surprised or prejudiced; and he faces severe prejudice if his constitutional claims are dismissed because those claims would be permanently barred. Filing 76 at 3.

The United States argues that Vasser has not shown good cause under Federal Rule of Civil Procedure 16(b) to amend the progression order to allow his belated amendment. Filing 77 at 4. The United States points out that Vasser still has not provided a justification for his delay in naming and serving the Unknown Defendants in his brief in support of his Objection. Filing 77 at 5. As to denial of leave to amend under Rule 15(a), the United States argues that the belated amendment prejudices Defendants. Filing 77 at 5. The United States rejects Vasser's contention that the five months remaining before trial is more than enough time for all Defendants to prepare for trial. Filing 77 at 6. The United States explains that the process for an individual federal defendant to

14

obtain representation by the Department of Justice or private counsel is more lengthy and complicated than Vasser recognizes. Filing 77 at 6. Furthermore, the United States argues that five months is not enough time for any new dispositive motions and discovery. Filing 77 at 6. The United States also argues at some length that Vasser's Second Amended Complaint would be futile. Filing 77 at 7–13.

### b. The Standard of Review for a Magistrate Judge's Ruling on a Non-dispositive Matter Is Clear Error

A district court may refer a non-dispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[4] "A district court may reconsider a magistrate judge's ruling on non-dispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). Specifically, 28 U.S.C. § 636(b)(1)(A) provides as follows:

> (b)(1) Notwithstanding any provision of law to the contrary--
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, [with exceptions not relevant here]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Civil Procedure 72(a) provides, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "As long as [a party] filed

---

[4] The Circuit Courts of Appeals "lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway." *Devine v. Walker*, 984 F.3d 605, 608 (8th Cir. 2020). Thus, "without a 'decision[ ] of [a] district court[ ],'" 28 U.S.C. § 1291, [the Circuit Courts of Appeals] lack jurisdiction to proceed any further" on an objection to a magistrate judge's non-dispositive ruling. *Id.*; *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

15

objections . . . the district court ha[s] no choice but to consider them." *Devine v.* Walker, 984 F.3d 605, 607 (8th Cir. 2020).[5]

More specifically, this Court has previously explained the applicable standard of review for a magistrate judge's non-dispositive ruling as follows:

> The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa*, Corp., 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023).

### c. The Denial of Leave to Amend Was Not Clearly Erroneous or Contrary to Law

Judge DeLuca's non-dispositive ruling denying Vasser's Motion for Leave to File Second Amended Complaint was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ferguson*, 484 F.3d at 1076. Indeed, even if the applicable standard of review was *de novo* for a dispositive matter, the Court would affirm Judge DeLuca's ruling on this issue.

Vasser asserts that under Federal Rule of Civil Procedure 15(a)(2) leave to amend should be "freely give[n]." Filing 76 at 2. However, Judge DeLuca correctly ruled that Vasser's Motion for Leave to Amend was subject to the "good cause" requirement of Federal Rule of Civil Procedure 16(b) before she considered whether amendment should be permitted under Federal

---

[5] The applicable local rule imposes specific requirements on objections to a magistrate judge's orders in NECivR 72.2(a) and authorizes consideration of additional evidence in NECivR 72.2(b)(1).

Rule of Civil Procedure 15(a)(2). Filing 74 at 2. As the Eighth Circuit Court of Appeals has explained, "Rule 15(a) does not apply when, as here, the 'district court has established a deadline for amended pleadings under FRCP 16(b).'" *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (quoting *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007)). In this case, the April 4, 2024, Final Progression Order set a deadline of June 3, 2024, for Vasser to file any motion to amend pleadings or add parties. Filing 31 at 1 (¶ 2).[6] Thus, "the liberal policy favoring amendments no longer applie[d]" at the time Vasser filed his Motion for Leave to Amend on July 23, 2025, more than a year after the deadline for amendments expired. *Kozlov*, 818 F.3d at 395. Rather, for Vasser to amend his complaint after the amendment deadline, he needed to make "a showing of good cause." *Id.* (citing *In re Graphics Processing Units*, 540 F. Supp. 2d at 1090, and Fed.R.Civ.P. 16(b)(4)).

Nor did Judge DeLuca err in finding that a key factor in determining "good cause" was Vasser's diligence or lack thereof in attempting to meet the deadline for amendment. Filing 74 at 2; *see Kozlov*, 818 F.3d at 395 ("When considering good cause for an amended complaint, the diligence of the party seeking the amendment is an important consideration."). As Judge DeLuca explained,

> In support of his motion, Plaintiff argues it was difficult to identify Deputy Bitting and Deputy Potter. Although he did not file a brief or index of evidence, Plaintiff asserts he deposed Deputy Bitting on February 11, 2025 and Deputy Potter on April 8, 2025. He did not, however, explain why he waited more than five months after deposing Deputy Bitting and more than three months after depo[s]ing Deputy Potter to move to amend his complaint to identify these individuals. Discovery is closed and trial is set to start January 13, 2026. Under these circumstances, Plaintiff did not show diligence in meeting the Court's case

---

[6] Other deadlines in the Final Progression Order were modified, but not the deadline for amendments. Filing 40; Filing 48.

progression deadlines. Accordingly, the Court denies Plaintiff's motion to amend under Rule 16 for failure to show good cause.

Filing 74 at 2–3. The Court finds no clear error in this determination. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ferguson*, 484 F.3d at 1076. Indeed, if the Court's review were *de novo*, the Court would agree with this ruling.

Judge DeLuca explained that "even if Plaintiff showed good cause to amend the progression order," Vasser did not satisfy the requirements to amend under Rule 15(a)(2) because of his delay and the prejudice to Defendants. Filing 74 at 3–4. Vasser disputes Judge DeLuca's conclusion as follows:

> The Defendants argue prejudice from reopening discovery and reassigning Department of Justice attorneys. But these burdens are overstated. Discovery can be narrowly tailored to the newly named deputies, much of the factual record already exists, and trial is not scheduled until January 2026. With five months before trial, there is ample time to complete any limited discovery or supplemental briefing. Prejudice must be more than the need for additional litigation effort. Here, no witness memories have been lost, no trial date imminently jeopardized, and the deputies themselves have already been deposed.

Filing 76 at 2.

Contrary to Vasser's contentions, Judge DeLuca's denial of leave to amend based on Rule 15(a)(2) standards—and particularly on the bases of delay and prejudice—is not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ferguson*, 484 F.3d at 1076. Indeed, Judge DeLuca recognized that "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." Filing 74 at 3 (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452,454 (8th Cir. 1998)). She then explained,

> [T]he motion to amend seeks to add two new parties to this lawsuit. This case has been pending for over two years. Discovery is already closed, Defendant's motion for summary judgment is currently pending and fully submitted, the dispositive motions deadline is expired, and trial is set to start January 2026. Defendant indicated the addition of these parties would require the assignment of new

Department of Justice attorneys. It is extremely unlikely the new defendants (and their counsel) could respond to the amended complaint, conduct discovery, engage in motions practice, and prepare for trial by January 2026. Accordingly, Plaintiff's delay in moving to add these parties prejudices Defendant. Plaintiff's motion is also denied under Rule 15.

Filing 74 at 4–5.

Judge DeLuca's analysis is consistent with the standards repeatedly stated by the Eighth Circuit that "[a] court does not abuse its discretion in denying a motion for leave to amend when there are 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Anderson v. Bank of the W*., 23 F.4th 1056, 1060 (8th Cir. 2022) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., In*c., 406 F.3d 1052, 1065 (8th Cir. 2005)); *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021) (explaining that "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc*., 441 F.3d 552, 557–58 (8th Cir. 2006)); *see also Kozlov*, 818 F.3d at 395 (explaining—albeit in the context of the Rule 16(b) good cause requirement for amendments after expiration of the deadline—that "[m]otions that would prejudice the nonmoving party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' are particularly disfavored." (quoting *Steir v. Girl Scouts of the U.S.A*., 383 F.3d 7, 12 (1st Cir. 2004)). Vasser's disagreement with Judge DeLuca about how much allowing the belated amendment would disrupt the trial preparations and prejudice the new Defendants falls far short of establishing that Judge DeLuca's ruling was clearly erroneous or contrary to law, where she considered proper factors.

19

Vasser's Objection is overruled as to Judge DeLuca's Order denying his belated Motion for Leave to Amend.

### 3. The Recommendation for Dismissal

Judge DeLuca also recommended that Vasser's claims against the Unknown Defendants be dismissed for failure of service and want of prosecution. Filing 74 at 4. Vasser also objects to that recommendation. Filing 75.

#### a. Vasser's Objection and the Response of the United States

In the pertinent part of his Objection to Judge DeLuca's ruling, Vasser argues that dismissal is not warranted. Filing 75 at 1. More specifically, Vasser argues that dismissal would extinguish his *Bivens* claims solely because he initially pleaded his claims against "unknown" defendants. Filing 76 at 3. He argues that dismissal at this stage would undermine justice and elevate procedure over substance where he timely responded to the Court's show-cause order by moving to identify the deputies. Filing 76 at 3.

The response of the United States to this part of Vasser's Objection is concise: Vasser has not shown good cause for his neglect in serving the Unknown Defendants or prosecuting the case against them. Filing 77 at 13.

#### b. The Standard of Review for a Magistrate Judge's Recommendation on a Dispositive Matter Is *De Novo*

Unlike review of a magistrate judge's non-dispositive ruling—where review is only for clear error—review of a magistrate judge's recommendation on a dispositive matter is *de novo*. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to

20

the objections. . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

      c.   The Court Accepts the Magistrate Judge's Recommendation for Dismissal

On *de novo* review, the Court concludes that Judge DeLuca's recommendation to dismiss the constitutional claims against the Unknown Defendants should be accepted. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez*, 241 F.3d at 636. In the pertinent part of her ruling, Judge DeLuca succinctly stated,

> [T]he Court ordered Plaintiff to show cause why it should not dismiss his claims against the Unknown Defendants for failure to prosecute or failure to serve.
>
> Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Additionally, NECivR 41.2 provides: "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."
>
> For the reasons set forth herein, Plaintiff did not show good cause to amend his complaint. He has similarly failed to demonstrate good cause for his failure to serve and prosecute his claims against the Unknown Defendants despite deposing these individuals months ago. Accordingly, the undersigned finds and recommends the Court dismiss Plaintiff's claims against the Unknown Defendants.

Filing 74 at 4.

Vasser does not object to the legal standards Judge DeLuca applied in recommending dismissal, nor could he reasonably do so. *See* Filing 75 at 3. Judge DeLuca accurately quoted Rule 4(m), which expressly permits an action to be dismissed without prejudice—indeed the rule

requires dismissal by using "must dismiss"—unless the court instead "order[s] that service be made within a specified time." Fed. R. Civ. P. 4(m). Furthermore, the Eighth Circuit has explained,

> [U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir.2002)).

*Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (emphasis in the original). The Eighth Circuit explained further,

> "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887. "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." Wright & Miller § 1137, [*Federal Practice and Procedure*] at 342.
>
>> At its core, however, the standard of good cause, like many others in the law, is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.
>
> *Colasante*, 81 Fed.Appx. at 613.

*Kurka*, 628 F.3d at 957.

Here, Judge DeLuca properly concluded that Vasser did not show good cause for his failure to serve and prosecute his claims against the Unknown Defendants for the same reasons he failed to show good cause to amend his complaint to name those Defendants. Filing 74 at 4; *see Kurka*, 628 F.3d at 957 (explaining that "good cause" for failure to serve a defendant requires at least

excusable neglect and is dependent upon the facts of the individual case). Judge DeLuca specifically found that Vasser had not served the Unknown Defendants despite deposing those individuals months earlier, which was already well past Vasser's 90-day deadline to effect service. Filing 74 at 4. These circumstances show that no third-party's interference prevented Vasser from effecting service. *See Kurka*, 628 F.3d at 957 (explaining that dismissal may not be appropriate where for example the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person). There is no hint in the record—and Vasser does not argue—that he was prevented from making timely service because the Unknown Defendants had evaded service of process or engaged in misleading conduct, nor was Vasser proceeding *pro se* or *in forma pauperis*. *See id.* (citing these as other possible excuses for failure of timely service). Vasser does argue that he "has acted diligently under difficult circumstances." Filing 76 at 1. However, he nowhere explains how he was diligent or what difficult circumstances prevented timely service. Filing 76 *passim*; *see Kurka*, 628 F.3d at 957 (explaining that dismissal may not be appropriate if the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances). To the contrary, Judge DeLuca held that Vasser had not acted diligently by waiting months after deposing the previously Unknown Defendants before he attempted to name them in his proffered amendment. Filing 74 at 4. On *de novo* review, the Court agrees with that conclusion. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez*, 241 F.3d at 636.

Judge DeLuca also relied on the authorization in NECivR 41.2 for dismissal for lack of prosecution after appropriate notice of failure to prosecute with reasonable diligence. Filing 74 at 4. Likewise, Federal Rule of Civil Procedure 41(b) permits a court to dismiss a case among other reasons "for failure of a plaintiff to prosecute." Fed. R. Civ. P. 41(b). The plaintiff's diligence is

important to the determination of whether the plaintiff has failed to prosecute the case within the meaning of both NECivR 41.2 and Federal Rule of Civil Procedure 41(b). *See Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 737–42 (8th Cir. 2009) (repeatedly referring to a plaintiff's diligence or lack thereof). The Eighth Circuit adopted the rule in the Ninth Circuit that where the plaintiff "has failed to come forth with an excuse for delay, [the court] need not address whether [the defendant] suffered actual prejudice." *Boyle*, 571 F.3d at 743 (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980)). Thus, Judge DeLuca's well-founded conclusion that Vasser had not been diligent in either attempting to serve or identify the Unknown Defendants was sufficient legal basis for her recommendation of dismissal for failure to prosecute.

Instead of challenging the law applied by Judge DeLuca or the basis for her ruling, Vasser instead relies on arguments that dismissal would extinguish his *Bivens* claim solely because he initially pleaded his claim against "unknown" defendants, that dismissal at this stage would undermine justice and elevate procedure over substance, and that he timely responded to the Court's show-cause order by moving to identify the deputies. Filing 76 at 3. The last argument is perhaps the least persuasive because a belated attempt to amend, while perhaps a timely response to Judge DeLuca's show-cause order, did nothing to effect timely service and forestall dismissal on that ground for failure to prosecute. Vasser's first argument is simply wrong: The dismissal is not because he initially pleaded his claim against "unknown" defendants but because he thereafter failed to use reasonable diligence to identify and add the Unknown Defendants to the case and serve them with process. *See* NECivR 41.2 (permitting dismissal for lack of prosecution after appropriate notice of failure to prosecute with reasonable diligence); Filing 74 at 4 (relying on NECivR 41.2). The extinguishment of Vasser's *Bivens* claim is the consequence of his own lack

of diligence. Likewise, asserting that dismissal elevates form over substance is not persuasive in light of Vasser's lack of diligence.

After *de novo* review, the Court accepts Judge DeLuca's recommendation for dismissal of Vasser's claims against the Unknown Defendants. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez*, 241 F.3d at 636.

### III. CONCLUSION

The Deputy United States Marshals' alleged conduct falls within the discretionary function exception to the FTCA's waiver of sovereign immunity, meaning that the Court lacks subject matter jurisdiction over Vasser's FTCA claims against the United States. Those FTCA claims are dismissed. In these circumstances, the alternative Motion for Summary Judgment by the United States is moot. That leave the constitutional claims against Unknown Defendants. However, Judge DeLuca did not clearly err in denying Vasser's belated request for leave to amend to name those Unknown Defendants, and the Court accepts Judge DeLuca's recommendation to dismiss the claims against the Unknown Defendants for failure of service and want of prosecution. These conclusions leave no claims before the Court. Accordingly,

IT IS ORDERED that

1.     The Motion to Dismiss for Lack of Subject Matter Jurisdiction by the United States pursuant to Federal Rule of Civil Procedure 12(h)(3), Filing 51, is granted, and the FTCA claims against the United States are dismissed for lack of subject-matter jurisdiction;

2.     The alternative Motion for Summary Judgment by the United States pursuant to Federal Rule of Civil Procedure 56, Filing 51, is denied as moot;

3.     Vasser's Objection to Judge DeLuca's Findings, Recommendation, and Order, Filing 75, is overruled in its entirety;

4.      Judge DeLuca's Order, Filing 74, denying Vasser's Motion for Leave to File a Second Amended Complaint, Filing 71, is affirmed; and

5.      Judge DeLuca's Findings and Recommendation that Vasser's claims against the Unknown Defendants be dismissed for failure of service and want of prosecution is accepted, and Vasser's claims against the Unknown Defendants are dismissed.

IT IS FURTHER ORDERED that Judgment shall enter in favor of Defendants and against Vasser because all claims in this action have been dismissed.

Dated this 11th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge